## SHUMAKER v. SECURITY LIFE & ANNUITY CO. OF AMERICA.

(Circuit Court, E. D. Pennsylvania. May 10, 1907.)

### No. 48.

INSURANCE—CONSTRUCTION OF LIFE POLICY—NONFORFEITURE PROVISION.

A policy of life insurance provided that on request of the insured the company would advance to him 30 per cent. of each premium, which should be a lien on the policy, also that, in case any premium was not paid when due, the same should be charged against the policy as a loan and the policy continued in force, if its loan value should be sufficient as shown by a table of values given therein, but that "these values shall be claimable only in case the full premiums have been paid in cash and there are no loans on the policy." Held that, where the insured obtained the 30 per cent. advance on the payment of each premium, on his subsequent de-

fault he was not entitled to the benefit of the automatic nonforfeiture provision.

At Law. On rule for judgment for want of a sufficient affidavit of defense.

This was an action on a policy of life insurance which contained, among others, the following provisions:

### "(7) Special Provision.

"It is hereby agreed: First, that the company shall, if requested by the insured, advance for the insured thirty per cent. of each premium paid hereunder during the dividend period which shall be a lien against this policy, accumulating at three and one-half per cent. interest, compounded annually, until paid by the application of cash dividends or otherwise; and, second, that in the event of the death of the insured during the dividend period and while this policy is in force, a mortuary dividend equal to thirty per cent. of all premiums heretofore due hereon, accumulated at three and one-half per cent. interest compounded annually, shall be paid with the principal sum insured hereunder.

### "(8) Right to Cash Loan.

"At any time after this policy has been in force for one full year and premiums have been paid up to the anniversary of the insurance next after the date when the loan is made, the company will lend upon demand, on the sole security of this policy the respective sum named in the table of cash loans herein, which shall include any previous loan then unpaid. Interest shall be at five per cent. per annum in advance.

### "(9) Right to Automatic Nonforfeiture.

"If any premium shall not be paid when due, the same shall be charged against the policy as a loan, if the respective loan value be sufficient to enable such advance, after providing for the existing loans and accrued interest; provided, that if not sufficient to cover the entire premium due, a premium for a shorter period, but no less than a monthly premium shall be charged, if the available loan value is sufficient. Notice of such advance shall be mailed to the insured, and at any time while this policy is sustained in force, the payment of premiums may be resumed.

### "(10) Right to Surrender Values.

"If this policy is surrendered at the end of any policy year after renewal, the insured shall be entitled to a paid-up non-participating policy, either (1) for a fractional amount of insurance, for the whole life of the insured, as per the table of paid-up insurance values below, or (2) for the full amount of insurance hereunder, but for a limited term as per the table of periods of extended insurance herein. These values shall be claimable only in case the full premiums have been paid in cash and there are no loans upon the policy. In event there are loans, the values claimable shall be computed upon the same basis as an equivalent to the unincumbered equity of the insured.

"(11) Table of Cash Loans and Paid-Up and Extended Insurance.

| After End of Years. | Cash Loan. | Paid-Up Insurance. | Period of Extension. | |
|---|---|---|---|---|
| 1 | | | 0 yr. | 1 mo. |
| 2 | $ 735 | $1,125 | 3 | 3 |
| 3 | 1,065 | 1,920 | 5 | 9 |
| * | * | * | * | * |

The supplemental affidavit of defense filed by defendant was as follows:

"Henry C. Brown, being duly sworn according to law, says: (1) That he is the secretary of the Security Life & Annuity Company of America, the de-

fendant in the above-entitled action, and, as such, is familiar with the affairs of the said company. (2) That the said company, as set forth in the plaintiff's statement of claim, issued on October 12, 1903, a policy of life insurance upon the life of Alvin P. Shumaker in the sum of fifteen thousand (15,000) dollars, a copy of which is hereto annexed marked 'A' and made part hereof, being No. 2763; that by the terms of the said contract of life insurance the said Alvin P. Shumaker agreed to pay the premium named in the said contract annually on, or within 30 days after, October 8th of each year, and did pay the said premium on October 8, 1903, part in cash and part by credit as hereinafter described, and October 8, 1904, part in cash and part by credit as hereinafter described; but that neither the said Alvin P. Shumaker nor any one for him or on his account did or ever has paid the premium, or any part thereof, due October 8, 1905, or within thirty days, thereafter; but the said Alvin P. Shumaker did not pay the full premiums in cash on October 8, 1903, and October 8, 1904, when they were due, but, on the contrary, availed himself of paragraph 9 of his application for the policy which is made a part thereof, providing that while the annual premium was to be $542.70, payable in advance, yet that the policy was issued 'on the advance dividend plan under which the company agrees to advance' to him against the policy contract 30 per cent. of each premium during the advance dividend period of twenty years. The affiant avers that the said Alvin P. Shumaker availed himself of this clause in his application made part of his policy by paying on October 8, 1903, the sum of $379.95 in cash, receiving credit for the balance of his premium then due on the advance dividend plan, namely, for the sum of $162.75, and the affiant further avers that the same payment was made and no other on account of the premium due October 8, 1904, so that from the outset down to the present time the said Alvin P. Shumaker never paid the full premium in cash and accordingly the policy under its terms never had any surrender value. (3) That the said Alvin P. Shumaker died on December 12, 1905, without ever having paid and without any one ever having paid for or on his account the said premium, or any part thereof due October 8, 1905, or within 30 days thereafter. (4) That under paragraphs 9, 10, and 11 of the 'Privileges and Conditions,' which were a part of the said policy, the policy did not have any cash loan value unless or until the third annual premium, due at the end of the second year of the life of the policy, had been paid in cash, and that this third annual premium, due October 8, 1905, or within 30 days thereafter, was not paid as required by the terms of the policy either by the assured or any one for him prior to his death on December 12, 1905, and that the said payment never was made. Furthermore, under the said paragraph 10 the assured was not at the time of his death entitled to a paid-up nonparticipating policy for any amount because the assured was in default on his third premium as hereinbefore stated, and under the table of cash loans and paid-up and extended insurance in said paragraph 11 the policy until after the end of the second year had no cash loan or paid-up and extended insurance value, the premiums due not having been paid when due in cash, but having been paid only part cash as hereinbefore set forth, nor was the said policy surrendered under the said paragraph 10. (5) That under the terms of the said contract or policy of life insurance as hereto annexed, the said policy had lapsed by reason of the breach and nonfulfillment thereof by the said Alvin P. Shumaker above described so that at the time of his death on December 12, 1905, and never since has the said policy been a valid outstanding contract of life insurance for any sum."

Mason & Edmonds, for plaintiff.

Sydney Young, Theodore W. Reath, and Jos. I. Doran, for defendant.

BUFFINGTON, Circuit Judge. After argument and due consideration, we are of opinion the affidavits of defense disclose a good defense. The premium due at the expiration of the second year, viz., October 12, 1905, was not paid and the two prior premiums were not

paid in cash. Therefore, by the terms of the policy, no right to a cash loan on the policy or to an automatic nonforfeiture of the policy existed when the insured defaulted on the premium due October 12, 1905.

The rule for judgment is therefore discharged.